EUGENE A. MATHEWS, JR.,

Petitioner,

vs.

CIVIL ACTION NO.: CV212-204

SUZANNE R. HASTINGS,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Eugene Mathews ("Mathews"), an inmate currently incarcerated at Federal Satellite Low in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Mathews filed a Response. For the following reasons, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE FACTS

Mathews was convicted, after pleading guilty in the Southern District of Florida, of conspiracy to attempt to possess oxycodone with the intent to distribute, in violation of 21 U.S.C. § 841. Mathews was sentenced to 114 months' imprisonment. (Doc. No. 8-1). The Eleventh Circuit Court of Appeals affirmed Mathews' conviction and sentence. United States v. Matthews, 431 F. App'x 827 (11th Cir. 2011).[1] Mathews filed two (2) 28 U.S.C. § 2255 motions, both of which were unsuccessful. (Doc. No. 8, p. 2).

---

[1] Mathews' appeal was docketed under the name "Eugene Matthews, Jr.".

In this petition, Mathews contends that he is actually innocent of the crime for which he was convicted. Mathews also contends that he is being detained unlawfully based on the following: lack of jurisdiction; lack of due process; lack of attorney-client relationship; lack of a valid conviction and sentence; and lack of access to the courts. (Doc. No. 1, p. 2). In addition, Mathews contends that exculpatory evidence was hidden from him; witnesses provided false testimony, of which the Government was aware; defense counsel was paid by a party with adverse interests; and the Government and his counsel hid these due process concerns. (Doc. No. 1-1, p. 1). Respondent asserts that Mathews does not meet the requirements of 28 U.S.C. § 2255's savings clause, and, accordingly, his petition should be dismissed.

## **DISCUSSION AND CITATION TO AUTHORITY**

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

2

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Mathews' action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Mathews asserts that section 2241 provides the only access to the courts for him. (Doc. No. 1-1, p. 1).

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Mathews has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. Nor has Mathews shown that his claims were foreclosed on a previous occasion. In other words, Mathews has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Mathews has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

3

Mathews argues in his Response that, under Gilbert v. United States, 640 F.3d 1293, 1318 (11th Cir. 2011), he is entitled to bring his actual innocence claim under § 2255(h) without meeting the Wofford test. Section 2255(h) provides an actual innocence exception to bringing a second or successive § 2255 motion; it does not relate in any way to a prisoner's ability to bring a § 2241 petition. Wofford provides the framework by which a prisoner can file a § 2241 petition to attack his conviction or sentence, and Mathews has not met the Wofford test.

In his Response, Mathews also provides numerous excerpts of law dealing with procedural default and miscarriage of justice and the relationship of those concepts to his actual innocence claim. To the extent that Mathews attempts to argue that his actual innocence claim can be heard pursuant to § 2241 because it would be a fundamental miscarriage of justice for this Court not to render a merits determination of his claims, Mathews' argument is foreclosed by Kelley v. Hickey, 307 F. App'x 424 (11th Cir. 2009).

In Kelley, a § 2241 petitioner appealed the dismissal of his petition, in which he asserted that he was actually innocent of the crime for which he was convicted and argued that a miscarriage of justice would result if the district court did not render a decision on the merits of his claim. The Court of Appeals for the Eleventh Circuit reiterated well-defined circuit law stating that a § 2241 petition is appropriate to challenge the validity of a federal conviction or sentence only when the remedy provided by § 2255 is inadequate or ineffective and that § 2255 is inadequate or ineffective only when the Wofford test is met. The court also explained that "[o]nce the savings clause . . . applies to open the portal to a [section] 2241 proceeding, the proper inquiry . . . will

AO 72A
(Rev. 8/82)

be whether the petitioner can establish actual innocence of the crime for which he has been convicted . . . ." Id. at 426 (quoting Wofford, 177 F.3d at 1244 n.3) (some alterations in original). The court determined that, because the petitioner did not open the portal to allow him to bring a § 2241 petition, his petition was properly dismissed. Id. Like the petitioner in Kelley, Mathews has not met the Wofford test; therefore, Mathews cannot bring his claim pursuant to § 2241. This Court's decision to not render a determination on the merits of Mathews' actual innocence claim will not result in a miscarriage of justice.

Mathews cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Mathews is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Mathews' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 26th day of February, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5